Good morning, Your Honors. Unless the Court believes I should proceed otherwise, I'd like to comment first on the reasonableness of the California rule as far as it purports to be a reasonable application of FRERETA, and then if I have time, whether or not the Court in this particular case reasonably determined the facts. As indicated in the briefs, I think there's something empathetical for a constitutional right to be conditioned upon the discretion of the trial court. I understand that the FRERETA right is a disfavored constitutional right. By that, I don't mean it's subject to immense criticism, which, of course, it has, but it's a constitutional right that has to be invoked by the defendant, kind of similar to a speedy trial right. It's not something that the courts have placed upon the responsibility of the court to elicit waivers regarding without it being elicited and invoked by the defendant. Well, to kind of cut into the chase, isn't the real problem whether what the California court did is contrary to clearly established laws established by the Supreme Court? And in FRERETA, FRERETA's it so far as the timing is concerned. And FRERETA doesn't require any particular finding. It just said at least a request made several weeks in advance is okay. So absent that, how do you have anything to stand on? Well, the problem is the Attorney General's position, the State of California's position is that suddenly the constitutional right evaporates at some point if it's not made several weeks before a trial. They don't tell us whether or not that occurs three weeks before a trial, two weeks, on the 13th day, 11th hour, and the 59th minute. Well, that may be a problem, but the problem, the real problem is that the U.S. Supreme Court hasn't said so. Well, when there is a general constitutional right or general holding, it's the responsibility of the lower courts to implement that right. It's not a, it's not a, the consequence is not to claim the right doesn't exist. It makes it more difficult for this Court, but it doesn't in any way suggest that there's no constitutional right merely because the facts here are different than in FRERETA. California has adopted a rule of reasonableness in FRERETA, but they are implementing FRERETA their own way. So this Court has the duty in this case to determine whether or not, in part, the California rule, so to speak, is a reasonable application of FRERETA. And that rule implementing United States Supreme Court authority is that when the invocation of the right is not made several weeks before a trial, again, the vague concept that we have to live with, I understand, there has to be good cause. And based on good cause, the trial court then has the discretion to implement it. Now, the problem with that rule is it's subject to the boundless discretion of the trial courts. And when discretion is a standard, then abuse of discretion is a standard on appeal. There's something antithetical, in my view, between a constitutional right and it being conditioned upon the discretion of a trial court. So the position we take, and it may not be one that this Court will agree with, but, you know, I'll get to the specifics in a moment, hopefully, is that there must be something more than a discretionary ability of a trial court to deny these – this invocation, even if the Court feels there's no good cause. Now, I understand the more versatile – Are you suggesting that the mere invocation is sufficient? In other words, if he gets up just before we pick the jury, if the defendant gets up and says, I want to try the case myself, does the trial court have to go along with it? Clearly, if it's done for purpose of delay, obstruction. It's not done for purpose of delay. If it's before – well, see, the rule before AEDPA in Moore v. Calderon was precisely that, that as long as he invoked it without any other consequences to the orderly process, he was entitled to that right. As soon as you get into without any other consequences, you've got something else. It's either absolute or it's not. If it's not absolute, then you're saying it's got to be reasonable, right? I'm saying it should be an absolute right of the defendant, and I'm suggesting that the Moore v. Calderon rule is the only reasonable interpretation of FRERETA. And when the Court ruled that way in a pre-AEDPA case, there was a reason for it. It wasn't some arbitrary decision by the panel who decided that. The reason that was decided was, upon reflection, it really is the only practical rule. Otherwise, we have this boundless discretion on the one hand, or, as the Attorney General claims, no right at all once the two weeks evaporates. And that certainly can't be a position that the Supreme Court ever intended in FRERETA. There's nothing in FRERETA that suggests remotely that it's not made – suppose it's made one week before a trial. What's the difference between one week and two weeks? I mean, there's no right at all? Have you ever sat through a pro se criminal case? Oh, I have not. Fortunately, I have never. So have I. They're horrible. I understand. Now, if you get one that's going to last for five months, which I've had, do you permit it to occur two minutes before the jury is sworn? If the defendant invokes the right two months before? Yes, two minutes before. Two minutes before? Yes. Well, again, I think if the – Five months. Remember, we have a five-month trial coming. I understand. However, if, in fact, it's done in a manner in which there's no reason to believe it will obstruct process, it's done for a dilatory purpose, for delay, for any other technical, unfair technical advantage, I would submit that that is sufficient cause for the defendant to be allowed to proceed and exercise a constitutional right that the Supreme Court has enunciated is a right. Yes, it is. That's what I wanted to hear from you. However – It's absolute. However, now, I'm not going to put all Mr. Trahan's eggs in that basket, because if this Court doesn't wish to implement that rule, then certainly in this case, certainly in this case, the California rule was not reasonably interpreted by the State court in this particular case. Remember, the State California rule, which this Court did acquiesce to in Marshall v. Taylor, does still permit it to be done after several weeks before trial upon good cause. Now, let's just briefly list all of the unreasonable terminations of fact that the Court made. I'm sorry. Did I mishear you, or are you saying that California didn't apply its rule correctly? I'm saying in this particular case, the State court did not. Because that's not cognizable in Federal habeas edpa aside. No, I don't agree with that. California is implementing a constitutional standard of the United States Supreme Court. To say that the – this Court can't review California's implementation of FREDA is – Well, we can do that. But it doesn't make any – we can't recognize a California State error. No. You can recognize unreasonable interpretations of facts as they implement the FREDA rule. That's exactly what I'm asking this Court to do. If it feels that the California rule of discretion, good cause, what I just argued a moment ago, is still a constitutional implementation of FREDA, which I doubt, but if the Court feels that's not the case, the – certainly the interpretation of facts here, saying there was no good cause because he didn't appeal the motion to represent – to have a new attorney that bars the decision, is certainly – that's unreasonable. Certainly it was unreasonable to say the case would have been continued, even though he didn't ask for a continuance. Certainly it was unreasonable to conclude that he didn't have his own file, and because that was a reasonable interpretation. Certainly it was not a reasonable interpretation for the Court to say that he didn't have good cause to satisfy with the trial counsel, and it certainly wasn't unreasonable interpretation – or reasonable interpretation to suggest there's nothing unusual or no harm in being called a jerk on the record by your trial attorney several times in a rather premeditated manner by an attorney who apparently has called other – other clients jerks on the record before. I would submit to you that if a retained attorney and a person who could afford counsel had that experience, they would not be forced to trial with an attorney like that. I think the appearance of justice and the dignity of the relationship between trial counsel and a defendant is something this Court should value as an important value in the mix here. And I would suggest regardless of how you feel California rule measures up to FREDA, certainly in this case there was good cause under the California rule for this defendant to exercise his right to represent himself. Thank you very much. What do we do with the fact that later he said he was getting along fine with his counsel? Well, first of all – Does that mean that he kind of withdrew his FREDA request? I don't think in the remotely at all. That was an argument made by the State here, which was essentially ignored by the State court. And, of course, if that was going to be a fact of evidence, they should have asked for evidence you're hearing in district court. After the motion was denied, after jury selection was already in progress, the trial court leans over and says, you're getting along with counsel? It says, yeah, or something to that effect. Now, how that can be construed as a retroactive waiver of his previously made and denied motion, I would suggest there's really no merit to that argument at all. Okay. Ms. Luster. Good morning. May it please the Court, Alice Luster, Deputy Attorney General, on behalf of the Respondent. The issue before this Court is whether the Court of Appeals of California, their determination that a FREDA motion brought on the day of trial was untimely, whether or not that is a contrary to or an unreasonable application of existing Supreme Court precedent. And as this Court has previously held in Marshall, it is not. Marshall involved an identical situation of a motion brought the day of trial. The California courts held that it was untimely under FREDA. And this Court affirmed that under the standard review, under the EDPA, that it is not contrary to an unreasonable application. And that is the only determination, the only basis for granting habeas relief under the current Federal law. The State Court of Appeals looked at the timing of the motion and found that it was untimely. That's in the excerpts of record between 36A and 38A. They also found that the trial court considered all the relevant factors under the State, prevailing State law. Even if, however, we consider the Petitioner's assertion that timeliness is not somehow a part of FREDA, as this Court has held it is, then at best what we have is an area of law to which the Supreme Court has not spoken. And an area of law which, as the Petitioner asserts, is in some confusion among these circuits. But as the Supreme Court has recently held in Kerry v. Misladen, where they have not spoken, there can be no unreasonable application, which brings us right back to the fact that there can be no relief under 2254 in this case. As this Court had noted, to the extent that the California court has found that the trial court properly applied and considered the factors relevant under State law, that is a State law matter, it is not properly before this Court. If there are no questions, we ask that you affirm the district court's holding. Kagan. I don't think so. Thank you. Thank you. Mr. Goldstein. Can I ask a final question? Sure. You do. I'm a little taken aback by the State's comments today, asking this Court to go back to Marshall v. Taylor, which is, of course, upholding the California rule of reasonableness and good cause that we talked about a minute ago. Because in their brief, they seem to suggest that the subsequent case of Stinson v. Lambert was now the rule which essentially was that there was no review at all of a fretted decision not made weeks before a trial. Now, I think I conceded too much in my reply brief about Stinson v. Lambert really being inconsistent with Marshall, because in Stinson v. Lambert, which, by the way, was a Washington case, not a California case. The only holding I could see, and I think Judge Fletcher may have been the author of that. I don't remember exactly. I don't remember. No, she wasn't. Okay. The only decision there was whether or not a defendant invoking the right in the middle of trial was making whether or not that was an unreasonable denial of fretted, which the Court said obviously not. And I certainly agree that, barring extraordinary circumstances, someone asking to represent himself in the middle of trial would be rather extraordinary to grant. Well, it seems to me the more pertinent holding is that the Supreme Court has never held that Fretta's week-before-trial standard requires court to grant a request for self-representation coming on the eve of trial. I mean, that's the more pertinent holding of Stinson, isn't it? Well, I think that's true. On the other hand, the decision is a little bit vague as to whether or not that means it's never reviewable if it's not made weeks before a trial, or whether or not simply in a situation where there's no good cause and it's made in that situation, it's not an implementation of Fretta. And I can only say that if there is a contradiction, that certainly the Marshall case is far more persuasive, because at least that upholds California's implementation of Fretta. And I hope I've been persuasive enough to suggest that this is, in fact, constitutional principles that this Court must review, not State law, because it is Federal constitutional authority. Okay. Your time has expired by now. Thank you very much. Thank you very much. Okay. Well, next, your argument in Naib Singh.
judges: Fletcher, Rymer, Duffy